IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

STEPHANIE M. JOHNSON                                                          PLAINTIFF
150 Chandler Drive
Danville, Kentucky 40422

                                                                Case No. _____

v.

                                                                Judge_____

WELLS FARGO BANK, N.A. D/B/A                                              DEFENDANTS
WELLS FARGO DEALER SERVICES
464 California Street
San Francisco, California 94104

        SERVE:      Corporation Service Company
                            421 West Main Street
                            Frankfort, Kentucky 40601
                            (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                            421 W. Main Street
                            Frankfort, Kentucky 40601
                            (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:      The Prentice Hall Corporation System
                           421 W. Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                           306 W. Main Street, Suite 512
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Stephanie M. Johnson, by counsel, and for her Verified Complaint against the Defendants, Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for defamation, negligence, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., against the Defendants, Wells Fargo, Equifax, Trans Union, and Experian.

## II. PARTIES

2. Plaintiff, Stephanie M. Johnson, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 150 Chandler Drive, Danville, Kentucky 40422.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Wells Fargo, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 464 California Street, San Francisco, California 94104.

5. Wells Fargo is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"

as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA, 15 U.S.C. §1602g; (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Boyle County, Kentucky as a result of the Defendants' doing business in Boyle County, Kentucky.

### IV. FACTUAL BACKGROUND

#### Trans Union's and Experian's Reporting of the Wells Fargo Tradeline

16. In or around December 2011, Plaintiff opened a credit account with Wells Fargo for the purchase of an automobile.

17. In the summer of 2016, Plaintiff was in a car accident resulting in the total loss of the vehicle Plaintiff purchased through Wells Fargo. Soon after the automobile accident, Geico insurance paid the balance due on Plaintiff's automobile loan – approximately $8,700 – directly to Wells Fargo.

18. In June 2017, Plaintiff accessed her Trans Union and Experian credit reports while in the process of seeking home mortgage financing.

4

19. In accessing her Trans Union and Experian credit reports, Plaintiff discovered a derogatory tradeline furnished by Wells Fargo stating that Plaintiff's vehicle had been repossessed and that Plaintiff owed a past due balance of $774 on the account. In addition, Wells Fargo falsely indicated that the vehicle had been repossessed.

20. Upon her discovery of the Wells Fargo tradeline, Plaintiff immediately filed disputes with Trans Union and Experian regarding the inaccuracy of the tradeline.

21. Upon information and belief, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Wells Fargo of the disputes at or within five (5) days of Trans Union and Experian receiving notice of the disputes from Plaintiff.

22. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, the Wells Fargo, Trans Union and Experian failed to remove the disputed item from Plaintiff's Trans Union and Experian credit reports.

23. Upon information and belief, Wells Fargo, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following the Defendants' receipt of Plaintiff's disputes. Trans Union, in fact, verified the accuracy of the false and derogatory Wells Fargo tradeline, while Experian failed to investigate the accuracy of the tradeline at all.

24. Wells Fargo's, Trans Union's, and Experian's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of the Wells Fargo accounts. In addition, Plaintiff has suffered embarrassment, humiliation and emotional distress as a result of the Wells Fargo's, Trans Union's, and Experian's failure to investigate Plaintiff's disputes and their false reporting of the Wells Fargo

tradeline.

### Equifax's Reporting of the Farmers' Bank Tradeline

25. Also in June 2017, Plaintiff accessed her Equifax credit report and discovered a tradeline furnished by Farmers' Bank which falsely indicated that Plaintiff had made late payments on Plaintiff's Farmers' Bank credit account.

26. Immediately upon her discovery of the Farmers' Bank tradeline, Plaintiff disputed the tradeline with Equifax.

27. In July 2017, Plaintiff received the results of her dispute from Equifax. Those results indicated that Equifax failed to investigate Plaintiff's dispute of the Farmers' Bank tradeline. Consequently, Equifax failed to delete the alleged late payments from the Farmers' Bank tradeline and is currently reporting inaccurate information concerning Plaintiff's credit history.

28. Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax receipt of Plaintiff's dispute.

29. Equifax's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's false reporting regarding the Farmers' Bank account. In addition, Plaintiff has suffered embarrassment, humiliation and emotional distress as a result of the Equifax's failure to investigate Plaintiff's disputes and their false reporting of the Farmers' Bank tradeline.

### V. CLAIMS

#### Negligence – Wells Fargo

30. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

6

31. Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Experian regarding the subject account were negligent under applicable law.

32. In failing to investigate Plaintiff's disputes and in falsely reporting the subject account, Wells Fargo breached its duties to Plaintiff to reasonably investigate credit reporting disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

33. Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Experian regarding the subject mortgage account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34. Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Experian regarding the subject account was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Trans Union

35. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.

37. In failing to investigate Plaintiff's dispute and in failing to remove the alleged past due account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

38. Trans Union's negligent failure to investigate Plaintiff's disputes and its failure to

remove Wells Fargo's false reporting of the subject account from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

40. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Experian's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian of the falsity of the report, was negligent.

42. In failing to investigate Plaintiff's dispute and in failing to remove the alleged past due account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

43. Experian's negligent failure to investigate Plaintiff's disputes and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

44. Experian's failure to investigate Plaintiff's dispute and its failure to remove Wells

8

Fargo's false reporting of the subject account from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. Equifax's failure to investigate Plaintiff's dispute and its failure to remove Farmers' Bank's false reporting of the subject account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

47. In failing to investigate Plaintiff's dispute and in failing to remove the alleged late payments on the account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

48. Equifax's negligent failure to investigate Plaintiff's dispute and its failure to remove Farmers' Bank's false reporting of the subject account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

49. Equifax's failure to investigate Plaintiff's dispute and its failure to remove Farmers' Bank's false reporting of the subject account from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Wells Fargo

50. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 49 as if fully set forth herein.

51. Wells Fargo, with knowledge of the falsity of its statements, has published and continues to publish false statements to others, including, but not limited to Trans Union and Experian, concerning the alleged past due status of the subject account. Wells Fargo's statements were made with conscious disregard for the rights of the Plaintiff.

52. Well Fargo's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's credit account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, concerning the alleged past due status of the Wells Fargo account. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

55. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due status of the Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, concerning the alleged past due status of the Wells Fargo account. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

58. Experian's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due status of the Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

59. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Farmers' Bank and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, concerning the alleged late payments on the Farmers' Bank account. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

61. Equifax's publication of false statements regarding Plaintiff's creditworthiness and the alleged late payments on the Farmers' Bank account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Wells Fargo

62. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 61 as if fully set forth herein.

63. Wells Fargo's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union and Experian concerning the subject account are violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

64. Wells Fargo's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

65. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove or amend the disputed Wells Fargo tradeline, despite Trans Union's knowledge of the falsity of the disputed item, are violations of Trans Union's duties to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed Wells Fargo tradeline within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's

actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. Experian's failure to investigate Plaintiff's dispute and its failure to remove or amend the disputed Wells Fargo tradeline, despite Experian's knowledge of the falsity of the disputed item, are violations of Experian's duties to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed Wells Fargo tradeline within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

72. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

73. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. Equifax's failure to investigate Plaintiff's dispute and its failure to remove or amend the disputed Farmers' Bank tradeline, despite Equifax's knowledge of the falsity of the disputed item, are violations of Equifax's duties to ensure maximum possible accuracy of consumer reports

under 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed Farmers' Bank tradeline within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

76. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Wells Fargo

77. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78. Wells Fargo's failure to investigate Plaintiff's disputes and its initial and continuing false reporting concerning the subject account, despite Wells Fargo's knowledge of the falsity of its reporting, are willful violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

79. Given Wells Fargo's knowledge of the falsity of its reporting, Wells Fargo's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

80. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 79 as if fully set forth herein.

81. Trans Union's failure to investigate the Plaintiff's dispute and its failure to remove false information concerning the Wells Fargo account from Plaintiffs' Trans Union credit report, despite Trans Union's knowledge of the falsity of the disputed item, are willful violations of Trans Union's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

83. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

84. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85. Experian's failure to investigate the Plaintiff's dispute and its failure to remove false information concerning the Wells Fargo account from Plaintiff's Experian credit report, despite Experian's knowledge of the falsity of the disputed item, are willful violations of Experian's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

86. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within

15

a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

87. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

88. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 87 as if fully set forth herein.

89. Equifax's failure to investigate the Plaintiff's dispute and its failure to remove false information concerning the Farmers' Bank account from Plaintiff's Equifax credit report, despite Equifax's knowledge of the falsity of the disputed item, are willful violations of Equifax's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

90. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

91. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Stephanie M. Johnson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and

punitive damages;

    3.    For attorneys' fees and costs; and,

    4.    Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY 40202
(Tel) 502-443-1060
(Fax) 502-589-3004
hemmingerlawoffice@gmail.com

## VERIFICATION

I, Stephanie M. Johnson, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*/s/ Stephanie M Johnson*
Stephanie M. Johnson

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF BOYLE             )

Subscribed, sworn to and acknowledged before me by Stephanie M. Johnson this 12th day of October, 2017.

*/s/ Kathryn J. Phillips, ID# 519262*
Notary Public

Commission expires: Sept 20, 2018

18